J-S36005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH DANIEL SCOTT | : | |
| | : | |
| Appellant | : | No. 1598 WDA 2019 |

Appeal from the PCRA Order Entered November 12, 2019
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0001776-2011

BEFORE: OLSON, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY OLSON, J.: **FILED FEBRUARY 18, 2021**

---

* Retired Senior Judge assigned to the Superior Court.

Appellant, Joseph Daniel Scott, appeals from the November 12, 2019 order[1] dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.[2]  We affirm.

The record demonstrates that on September 21, 2012, a jury found Appellant guilty of rape of a child (2 counts), involuntary deviate sexual intercourse with a child less than 13 years of age (4 counts), aggravated

_____

[1] Initially, Appellant appealed the order in which the PCRA court issued Appellant notice of its intent to dismiss his petition pursuant to Pa.R.Crim.P. 907 and further provided Appellant twenty days to file a response.  This order was dated October 7, 2019, and entered on the docket on October 8, 2019. Appellant filed his notice of appeal on October 24, 2019, before the expiration of the twenty-day period to file a response to the PCRA court's Rule 907 notice and before the PCRA court entered a final order dismissing Appellant's PCRA petition.  On November 12, 2019, the PCRA court, by final order, formally dismissed Appellant's PCRA petition as untimely and without exception.

An appeal properly lies from the order dismissing the PCRA petition and not from the Rule 907 notice of intent to dismiss the petition.  **See** **Commonwealth v. Beatty**, 207 A.3d 957, 960 (Pa. Super. 2019) (holding, that an appellant's notice of appeal was prematurely filed after the PCRA court provided notice of its intent to dismiss the petition but before the PCRA court entered an order dismissing the petition).  Here, Appellant filed his notice of appeal prematurely on October 24, 2019, and, therefore, we deem it to be filed on November 12, 2019.  **See** Pa.R.A.P. 905(a)(5) (stating, "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof").  The caption has been corrected accordingly.

[2] In a December 20, 2019 *per curiam* order, this Court dismissed Appellant's appeal for failure to file a docketing statement pursuant to Pa.R.A.P. 3517. Appellant filed the required docketing statement and a motion to reinstate the appeal on December 30, 2019.  In a *per curiam order*, this Court reinstated Appellant's appeal on January 2, 2020.

indecent assault of a child less than 13 years of age - forcible compulsion or threat of forcible compulsion (1 count), sexual assault (5 counts), statutory sexual assault (5 counts), incest (2 counts), indecent assault of a person less than 13 years of age (1 count), corruption of minors (2 counts), aggravated indecent assault - forcible compulsion or threat of forcible compulsion (1 count), indecent assault - forcible compulsion (1 count), and endangering the welfare of a child by parent or guardian (1 count).[3]  Appellant's convictions stemmed from his sexual abuse of his daughters, K.S., born April 1995, and J.S., born April 1998.

On January 8, 2013, the trial court sentenced Appellant to an aggregate sentence of 60 to 120 years' incarceration.  This Court affirmed Appellant's judgment of sentence on December 24, 2014.  *Commonwealth v. J.D.S.*, 420 WDA 2013, 2014 WL 10754058 (Pa. Super. Dec. 24, 2014) (unpublished memorandum).  Appellant did not file a petition for allowance of appeal with our Supreme Court.  *See* Pa.R.A.P. 1113(a) (stating, a petition for allowance of appeal must be filed with our Supreme Court within 30 days of the entry of

---

[3]  18 Pa.C.S.A. §§ 3121(c), 3123(b), 3125(b), 3124.1, 3122.1, 4302, 3126(a)(7), 6301(a)(1), 3125(a), 3126(a)(2), and 4304(a)(1), respectively. In convicting Appellant of indecent assault of a person less than 13 years of age, 18 Pa.C.S.A. § 3126(a)(7), and indecent assault - forcible compulsion, 18 Pa.C.S.A. § 3126(a)(2), the jury found, beyond a reasonable doubt, that there was a course of conduct of indecent assault committed by Appellant. *See* Verdict Slip, 10/17/12, at unnumbered pages 2-3.

an order of this Court). Rather, on January 25, 2015, Appellant's counsel[4] filed a petition for leave to file a petition for allowance of appeal *nunc pro tunc* that our Supreme Court subsequently denied on February 20, 2015.

On February 11, 2016, Appellant submitted a *pro se* filing which he referred to as a motion to modify and reduce his sentence *nunc pro tunc* ("requested sentencing modification" or "February 11, 2016 filing").[5] The trial court denied Appellant's requested sentencing modification on February 18, 2016. On February 23, 2016, Appellant filed *pro se* a PCRA petition using the standard inmate form. PCRA counsel was appointed to represent Appellant.[6] On January 31, 2017, PCRA counsel filed an amended petition, together with a supporting brief, that sought correction of Appellant's sentence. In his

---

[4] Appellant was represented by Washington County Deputy Public Defender Brian V. Gorman, Esquire ("Attorney Gorman").

[5] Appellant's requested sentencing modification was docketed on February 11, 2016. This filing does not contain Appellant's signature and is not dated. Appellant hand-wrote that the filing was submitted on "Dated: ___/___/2015." The Clerk of Courts of Washington County received additional correspondence from Appellant requesting certain case information and entered this correspondence on the docket on February 11, 2016. Appellant's *pro se* correspondence was signed by Appellant and dated October 26, 2015.

[6] On March 9, 2016, the PCRA court appointed Timothy J. Lyons, Esquire as Appellant's PCRA counsel. On July 1, 2016, the PCRA court appointed J. Andrew Salemme, Esquire to represent Appellant. On March 14, 2019, the PCRA court granted Attorney Salemme's motion to withdraw from representation of Appellant and appointed Molly McGuire-Gaussa, Esquire to represent Appellant. On January 27, 2020, Attorney Salemme reentered his appearance as retained collateral-appeal counsel for Appellant.

amended PCRA petition, Appellant argued, *inter alia*, that his requested sentencing modification should have been deemed a PCRA petition and that it was timely filed in October 2015, pursuant to the prisoner mailbox rule.[7]  **See** Amended PCRA Petition, 1/31/17, at 4-5.  Appellant asserted, alternatively, that if the requested sentencing modification was determined to be untimely filed for purposes of the PCRA jurisdictional time-bar, that the PCRA court had jurisdiction over the matter pursuant to the newly-discovered facts exception to the one-year time-bar.  **Id.** at 5; **see also** 42 Pa.C.S.A. § 9545(b)(1)(ii).  On November 8, 2017, the Commonwealth submitted a response to Appellant's PCRA petition.  The PCRA court conducted an evidentiary hearing on June 11, 2018, leaving the record open for purposes of clarifying the existence of certain Pennsylvania Department of Corrections logbooks and other records, which supported Appellant's argument that he placed his requested sentencing modification into the hands of prison authorities in October 2015.  **See** PCRA Court Order, 6/12/18.  Counsel was also instructed to review and resolve admissibility concerns regarding cellular telephone text messages between Appellant's brother and Attorney Gorman.  **Id.**  The PCRA court conducted a second evidentiary hearing on December 21, 2018, at which

---

[7] The prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he, or she, delivers it to prison authorities for mailing.  **See Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011).

Appellant submitted proposed findings of fact and conclusions of law. The PCRA court permitted the Commonwealth to submit the same within sixty days.[8]

On October 8, 2019, the PCRA court provided Appellant notice of its intent to dismiss his PCRA petition pursuant to Rule 907, allowing Appellant twenty days to file a response. Appellant did not file a response.[9] On November 12, 2019, the PCRA court dismissed Appellant's PCRA petition (filed February 23, 2016) as untimely and without exception. This appeal followed.[10]

Appellant raises the following issues for our review:

[1.] Whether the PCRA court erred in finding that [Appellant's requested sentencing modification] was not timely filed under the prisoner mailbox rule where he placed documents into [a] prison authorit[y's] hands, which would have been construed as a PCRA petition, prior to the one-year [jurisdictional] time[-]bar elapsing?

[2.] Whether the PCRA court erred in finding that [Appellant's requested sentencing modification] was not timely filed under the newly-discovered fact exception [to the PCRA jurisdictional time-bar] based on [Attorney Gorman's] abandonment?

---

[8] The Commonwealth did not file proposed findings of fact or conclusions of law.

[9] As noted *supra*, Appellant filed a notice of appeal on October 24, 2019, not a response to the PCRA court's Rule 907 notice.

[10] Appellant and the PCRA court complied with Pa.R.A.P. 1925.

[3.] Whether, in the alternative, the PCRA court erred in not finding that the PCRA jurisdictional time-bar is unconstitutional as applied in this case?

[4.] Whether the PCRA court erred in finding that [Appellant] is not entitled to *habeas corpus* and/or *coram nobis* relief if his petition is considered time-barred?

[5.] Whether the [PCRA] court erred in finding that [Appellant was] not entitled to be re-sentenced where his sentence [was] illegal on its face because unconstitutional mandatory minimum sentences were imposed?

[6.] Whether [Attorney Gorman] was ineffective in failing to challenge the legality of [Appellant's] sentence where he was sentenced illegally under mandatory minimum statutes that were declared unconstitutional?

[7.] Whether [Attorney Gorman] was ineffective in failing to present the testimony of [a witness], which would have demonstrated that [Appellant] did not supply [one of the victims,] or any other minor[,] with alcohol, as well as in declining to call [another witness] to testify that she, and not [Appellant], applied lotion to [one of the victims' and Appellant's niece's bodies]?

[8.] Whether [Attorney Gorman] was ineffective in failing to [use reports by four separate professionals to] refresh [the recollection of one of the victims to show that counselors and social workers asked whether Appellant sexually abused the victim]?

[9.] Whether [Attorney Gorman] was ineffective in failing to object to extensive hearsay testimony from Trooper Sara Teagarden, which the [PCRA] court in its Rule 1925(a) decision treated as substantive evidence that corroborated [one of the victims'] trial testimony.

[10.] Whether the Commonwealth violated **Brady [v. Maryland**, 373 U.S. 83 (1963)] by failing to disclose material impeachment evidence that [Appellant's niece] had told the prosecutor [] that she observed pornography on [Appellant's] computer and that she observed [one of the victims] in bed with [Appellant] and he was holding her closely, but had not disclosed such a statement previously?

[11.] Whether due to cumulative errors on the part of [Attorney Gorman, Appellant] is entitled to a new trial?

Appellant's Brief at 11-13 (record citation and extraneous capitalization omitted).

Preliminarily, we consider the nature of Appellant's *pro se* requested sentencing modification submitted on February 11, 2016. We recognize that this Court in **Commonwealth v. Johnson**, and its progeny, held that, "the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002); **see also Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013). This Court, however, later clarified the proposition set forth in **Johnson**. In **Commonwealth v. Wrecks**, this Court stated that any petition filed after the judgment of sentence became final would be treated as a PCRA petition **if it requested relief contemplated by the PCRA**. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1289 (Pa. Super. 2007); **see also Commonwealth v. Torres**, 223 A.3d 715, 716 (Pa. Super. 2019) (stating, "so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition" (citation omitted)); **Commonwealth v. Snook**, 230 A.3d 438, 443-444 (Pa. Super. 2020) (holding, a petition for collateral relief will not be considered a PCRA petition unless it raises issues cognizable under the PCRA). The **Wrecks** Court held that because the defendant's petition requested relief

with respect the discretionary aspects of sentence, and such relief was not cognizable under the PCRA, the petition was correctly viewed as a post-sentence motion and not as a PCRA petition. **Wrecks**, 934 A.2d at 1289. Conversely, the **Taylor** Court held that a petition challenging the legality of sentence on the grounds the sentence exceeded the statutory limit was "undoubtedly cognizable under the PCRA" and, therefore, any such petition, regardless of its title, was to be treated as a PCRA petition. **Taylor**, 65 A.3d at 467, *citing* 42 Pa.C.S.A. § 9543(a)(2)(vii).[11]

Instantly, Appellant, in his *pro se* requested sentencing modification, averred, in pertinent part, as follows:

3. [Appellant] contends that the [trial] court erred by deviating from the standard sentencing range and fail[ed] to provide adequate reasons for the illegal sentence range and for the deviation [on] the record.

4. Considering the [Pennsylvania] sentencing code as a whole, 42 Pa.C.S.A. §§ 9721 *et seq.*, the deviation from the guidelines [] was excessive and unreasonable[.]

5. The [trial] court [] failed to give appropriate weight to the circumstances of the [] offense and [Appellant's] background[,

---

[11] We reject the suggestion in **Taylor** that **Wrecks** is not entitled to precedential effect because it disregarded prior case law. This Court in **Commonwealth v. Hromek** recently reaffirmed **Wrecks**' holding that, regardless of how a filing is titled, a petition should be treated as filed under the PCRA if it is filed after the judgment of sentence becomes final **and** seeks relief provided under the PCRA. **Commonwealth v. Hromek**, 232 A.3d 881, 884 (Pa. Super. 2020). Moreover, under the doctrine of *stare decisis* we are bound by the logic of **Wrecks**, and its progeny, until it is reversed by our Supreme Court or an *en banc* panel of this Court. **See Commonwealth v. Brigidi**, 6 A.3d 995, 1001 (Pa. 2010), *citing*, **Commonwealth v. Crowley**, 605 A.2d 1256, 1257 (Pa. Super. 1992).

including the knowledge that the accusations against Appellant were based on hearsay and that Appellant agreed to DNA testing and a polygraph test to prove his innocence.]

6. [Appellant] contends that the ineffectiveness of [Attorney Gorman] subjected him to the [] lengthy illegal sentence [and denied] him [] fair and adequate [representation] by counsel who [was] competent[.]

7. [Appellant] is suffering from a severe mental disability and contends that he has been denied a fair and partial [trial. Furthermore,] his due process rights were violated by [the trial] court and by [Attorney Gorman, who] misrepresented him [and] coerced him into pleading guilty to a crime that was only based [on] hearsay and not the facts.[12]

8. [Appellant] respectfully asks that [the trial] court in its discretion [] reconsider the sentence imposed and substantially reduce the term of incarceration[.]

Appellant's Motion to Modify and Reduce Sentence *Nunc Pro Tunc*, 2/11/16, at ¶¶3-8. In sum, Appellant claimed that the trial court deviated from the Pennsylvania sentencing guidelines without stating, on the record at the time of sentencing, adequate reasons for its deviation and failed to consider Appellant's background and mitigating circumstances prior to imposing its sentence of 60 to 120 years' incarceration. Despite Appellant's passing reference to the fact that his sentence was "illegal," Appellant's claims, as set forth in his requested sentencing modification, present a challenge to the discretionary aspects of his sentence, and do not give rise to a claim of an illegal sentence. **See Torres**, 223 A.3d at 716 (stating, "[a] claim the trial

---

[12] Appellant was convicted of the aforementioned crimes by a jury, and therefore, Attorney Gorman could not have "coerced" Appellant into pleading guilty, as Appellant alleges.

- 10 -

court failed to consider mitigating circumstances is a challenge to the discretionary aspect of sentence"), *citing* **Commonwealth v. DiClaudio**, 210 A.3d 1070, 1075-1076 (Pa. Super. 2019); **see also Commonwealth v. Robinson**, 931 A.2d 15, 26 (Pa. Super. 2007) (stating, claims that the trial court "imposed an unreasonable and excessive sentence, outside of the guidelines, without providing an adequate explanation" is a challenge of the discretionary aspects of sentence).  Therefore, we discern no error in the trial court's treatment of Appellant's February 11, 2016 filing as an untimely post-sentence motion to modify his sentence.  **See** Pa.R.Crim.P. 720(A)(1) (stating, "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence").  Consequently, Appellant was not entitled to the appointment of counsel upon the filing of his requested sentencing modification.[13]

---

[13] Although Appellant spends the lion's share of his requested sentencing modification discussing a challenge to the discretionary aspects of his sentence, we acknowledge his cursory references to Attorney Gorman's representation as "ineffective" and his sentence as "illegal."  **See** Appellant's Motion to Modify and Reduce Sentence *Nunc Pro Tunc*, 2/11/16, at ¶6. Broadly construed, these averments could be viewed as falling within the scope of the PCRA.  **See** 42 Pa.C.S.A. § 9543(a)(2)(ii) and (vii).  Viewed as such, Appellant's requested sentencing modification would be deemed a petition for collateral relief.  **See Wrecks**, 934 A.2d at 1289.  If we were to review Appellant's requested sentencing modification as a PCRA petition, Appellant would enjoy a rule-based right to counsel and the filing would be subject to the PCRA's one-year jurisdictional time bar.

Ordinarily, a petitioner is entitled to the appointment of counsel on his, or her, first PCRA petition.  **See** Pa.R.Crim.P. 904(C) (stating, "when an unrepresented [petitioner] satisfies the [PCRA court] that the [petitioner] is

_____

unable to afford or otherwise procure counsel, the [PCRA court] shall appoint counsel to represent the [petitioner] on the [petitioner's] first petition for post-conviction collateral relief"). It is the practice of Pennsylvania courts to rigorously enforce the right to counsel on a first PCRA petition, even in cases where the petition is patently untimely. ***See Commonwealth v. Smith***, 818 A.2d 494, 498-501 (Pa. 2003). The purpose of this convention is to afford first-time petitioners the benefit of counseled advocacy in establishing the timeliness of, and, hence, jurisdiction over, their claims. ***Id.*** at 501. When a first petition is filed outside the one-year limitations period and the right to counsel has been denied, our usual practice is to vacate the dismissal order and remand the case to allow for the appointment of counsel. ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa. Super. 2011) (holding, "where an indigent, first-time PCRA petitioner was denied his right to counsel - or failed to properly waive that right - this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake").

In the instant case, if Appellant's requested sentencing modification was deemed a PCRA petition, the PCRA court would have erred in failing to appoint counsel prior to its dismissal of the filing. Typically, we would need to vacate the dismissal order and remand for the appointment of counsel. The order denying Appellant's requested sentencing modification, however, is not the subject of the instant appeal, Appellant did not appeal that dismissal order. Moreover, the record reflects that Appellant had the benefit of assistance from counsel in litigating issues surrounding the timeliness of his requested sentencing modification. As discussed in detail, *infra*, Appellant's judgment of sentence became final on January 23, 2015, and the ensuring deadline for filing a timely PCRA petition was January 25, 2016. To overcome the untimeliness of the requested sentencing modification, Appellant relied upon the prisoner mailbox rule. The PCRA court held an evidentiary hearing on, *inter alia*, the issues pertaining to the untimeliness of the requested sentencing modification, *i.e.* the prisoner mailbox rule. At the hearing, Appellant offered only bald assertions that he delivered the requested sentencing modification to prison authorities in October 2015, which the trial court did not find credible. N.T., 6/11/18, at 21-22, 24-27; ***see also*** PCRA Court Opinion, 4/14/20, at 19 (stating, Appellant "failed to provide sufficient evidence that, even with the application of the prisoner mailbox rule, the [requested sentencing modification] was timely filed within the one-year time limit"). A review of the record demonstrates that Appellant did not present evidence, such as prison logbooks definitely demonstrating that the requested sentencing modification had been deposited into the hands of prison authorities in October 2015, or documentation showing a deduction from

Next, we must examine whether Appellant's *pro se* PCRA petition was timely filed on February 23, 2016, thereby, implicating the trial court's jurisdiction to entertain the petition.

> Our standard of review in a PCRA appeal requires [appellate courts] to determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before [the PCRA] court. []The PCRA court's factual findings and credibility determinations, when supported by the record, are binding upon [appellate courts]. However, [appellate courts] review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020) (citations omitted).

Our Supreme Court has instructed,

> Any PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the petitioner's judgment of sentence becomes final. 42 Pa.C.S.[A.]

---

Appellant's prison account for postage, in support of his assertions. Appellant's requested sentencing modification, if viewed as a PCRA petition, was filed on February 11, 2016, and therefore, would be patently untimely as explained more-fully, *infra*. Appellant would need to demonstrate an exception to the jurisdictional time-bar, and for the reasons set forth *infra*, Appellant failed to establish the newly-discovered fact exception to the jurisdictional time-bar. Therefore, a remand for the appointment of counsel on Appellant's February 11, 2016 filing would be futile. *See Commonwealth v. Snook*, 230 A.3d 438, 445 n.2 (Pa. Super. 2020); *see also Commonwealth v. Perry*, 563 A.2d 511, 514 (Pa. Super. 1989) (stating, there is "no reason to remand for the pointless and formalistic repetition of PCRA proceedings, when the outcome would nonetheless be a foregone conclusion").

§ 9545(b)(1). [T]he PCRA's timing provisions [are] jurisdictional in nature, and no court may entertain an untimely PCRA petition.

**Small**, 238 A.3d at 1280. "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Our Supreme Court has long-held that the PCRA's time restriction is constitutionally sound. **Commonwealth v. Peterkin**, 722 A.2d 638, 643 n.5 (Pa. 1998); **see also Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999), **Commonwealth v. Cruz**, 852 A.2d 287, 292 (Pa. 2004).

Here, the trial court sentenced Appellant on January 8, 2013. This Court affirmed the judgment of sentence on December 24, 2014. Appellant did not file a petition for discretionary review with our Supreme Court.[14] Appellant's judgment of sentence, therefore, became final on January 25, 2015, upon the expiration of the time for seeking discretionary review with our Supreme Court. **See** Pa.R.A.P. 1113(a) (stating, "a petition for allowance of appeal

_____

[14] Attorney Gorman filed a petition for leave to file a petition for allowance of appeal *nunc pro tunc* with our Supreme Court three days after the deadline on which to file a timely petition for allowance of appeal. Our Supreme Court denied Appellant's request. The filing of a petition for leave to file a petition for allowance of appeal *nunc pro tunc* does not alter the date on which a judgment of sentence became final. **See Commonwealth v. Hutchins**, 760 A.2d 50, 54 (Pa. Super. 2000) (stating, the untimely filing of a petition for allowance of appeal with our Supreme Court "does not operate to circumvent the clear and unambiguous language contained in Section 9545(b)(3) by altering the date on which Appellant's conviction became final").

shall be filed with the Prothonotary of [our] Supreme Court within 30 days after the entry of the order of [this Court]"). Accordingly, in order to file a timely PCRA petition, Appellant was required to file the petition on or before January 25, 2016.[15] Consequently, Appellant's *pro se* PCRA petition filed on February 23, 2016, is patently untimely.

If a PCRA petition is untimely filed, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017). The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly[-]discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-234 (Pa. Super. 2012), *citing* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking an exception to the jurisdictional time-bar must be filed within sixty days of the date that the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2) (effective January 16, 1996, to December 24, 2018).[16]

_____

[15] We note that one year from the date Appellant's judgment of sentence became final, i.e. January 23, 2016, was a Saturday. Therefore, Appellant had until Monday, January 25, 2016, in which to file a timely PCRA petition. ***See*** 1 Pa.C.S.A. § 1908 (stating, that when the last day of any period of time referred to in a statute falls on a Saturday or Sunday, that day shall be omitted from the computation).

[16] We note that effective December 24, 2018, the time period in which to file a petition invoking one of the three exceptions was extended from sixty days to one year. 42 Pa.C.S.A. § 9545(b)(2) (current version). This amendment

If an appellant fails to invoke a valid exception to the PCRA time-bar, Pennsylvania courts are without jurisdiction to review the petition or provide relief. ***Spotz***, 171 A.3d at 676.

Here, Appellant raises the newly-discovered facts exception to the jurisdictional time-bar. ***See*** Appellant's Amended PCRA Petition, 1/31/17, at ¶10; ***see also*** Appellant's Brief at 27-35. Appellant contends that the newly-discovered fact was Appellant learning that Attorney Gorman abandoned Appellant when counsel failed to file a timely petition for allowance of appeal. Appellant's Brief at 28-29. Appellant asserts that Attorney Gorman's failure to file a timely petition for allowance of appeal constituted *per se* ineffectiveness of counsel. ***Id.*** Appellant alleges that if Attorney Gorman had filed a timely petition for allowance of appeal, then his PCRA petition, filed February 23, 2016, would have been timely because Appellant would have had until April 2016, to file a timely PCRA petition.[17]

_____

applies to claims arising one year prior to the effective date of the amendment, that is to say arising on December 24, 2017, or later. Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Because Appellant filed his PCRA petition on February 23, 2016, this amendment does not apply.

[17] Appellant's argument is based upon the premise that if Attorney Gorman had filed a timely petition for allowance of appeal in January 2015 and our Supreme Court subsequently denied the petition, Appellant would have had ninety days in which to file a petition for *writ* of *certiorari* with the United States Supreme Court. Appellant's judgment of sentence would have become final upon the denial of *certiorari*, and under Appellant's hypothetical scenario, "[he] would have had until April [2016,] to file his PCRA petition." Appellant's Brief at 33.

In a recent decision, our Supreme Court reiterated that the newly-discovered fact exception "renders a petition timely when the petitioner establishes that [`]the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence.[']" *Small*, 238 A.3d 1267, 1271 (Pa. 2020), *quoting* 42 Pa.C.S.A. § 9545(b)(1)(ii). Our Supreme Court explained that a PCRA court must first determine "whether the facts upon which the claim is predicated were unknown to the petitioner" based upon a circumstance-dependent analysis of the petitioner's knowledge. *Id.* at 1282-1283 (original quotation marks omitted). If the PCRA court concludes that the facts were unknown, then the PCRA court must examine whether "the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records." *Id.* (citation omitted). The *Small* Court defined "due diligence" as a "flexible concept that varies with the context of a given case[.]" *Id.* at 1284.

Allegations of ineffective assistance of counsel typically cannot be invoked as a newly-discovered fact pursuant to Section 9545(b)(1)(ii). *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000). In *Commonwealth v. Bennett*, our Supreme Court distinguished between counsel's ineffectiveness that completely deprived Bennett of the appellate review to which he was entitled and ineffectiveness that only narrowed the ambit of appellate review. *Commonwealth v. Bennett*, 930 A.2d 1264, 1273 (Pa. 2007). The *Bennett* Court held that counsel's failure to file a

requested direct appeal or a Pa.R.A.P. 1925(b) statement was "the functional equivalent of having no counsel at all" and, thus, completely deprived Bennett of "the presentation of claims at a meaningful time and in a meaningful manner." *Id.* When a defendant is completely deprived of appellate review due to counsel's action, or lack of action, counsel is *per se* ineffective, the ***Bennett*** Court opined, and this *per se* ineffectiveness may serve as a newly-discovered fact for purposes of Section 9545(b)(1)(ii). *Id.* Our Supreme Court in ***Commonwealth v. Peterson*** reiterated, "that the important distinction for purpose of application of the [Section] 9545(b)(1)(ii) exception is whether counsel's alleged ineffectiveness results in a partial deprivation of review (***Gamboa-Taylor*** and its progeny) or instead completely deprives [the] client of review. ***See Bennett***, 930 A.2d at 1272-[12]74." ***Commonwealth v. Peterson***, 192 A.3d 1123, 1131 (Pa. 2018).

This Court, in ***Commonwealth v. Williamson***, extended the holding in ***Bennett*** to apply "where counsel failed to file a timely petition for allowance of appeal with [our] Supreme Court." ***Commonwealth v. Williamson***, 21 A.3d 236, 242 (Pa. Super. 2011). The ***Williamson*** Court reasoned that,

> Counsel's ineffectiveness did not serve to narrow the ambit of claims for review, but instead denied Williamson review of this Court's affirmance of the [trial] court's order[.] Thus, [the ineffectiveness] claim is more akin to the claim addressed in ***Bennett*** than in ***Gamboa-Taylor***.

***Id.*** "Counsel's failure to file a timely petition for allowance of appeal could be considered a newly-discovered fact for purposes of [S]ection 9545(b)(1)(ii)" if the exception were presented within the time-limitations set forth in Section 9545(b)(2). ***Id.***

Here, Attorney Gorman failed to file a timely petition for allowance of appeal with our Supreme Court. Accordingly, Attorney Gorman was *per se* ineffective and his filing of a petition for leave to file a petition for allowance of appeal *nunc pro tunc* did not negate his *per se* ineffectiveness. ***See Williamson***, 21 A.3d at 242 (stating, "a petitioner is entitled to counsel throughout the collateral proceedings, including the appellate process, which includes the filing of a petition for allowance of appeal to the Supreme Court"). Therefore, Attorney Gorman's *per se* ineffectiveness may constitute a newly-discovered fact for purposes of Section 9545(b)(1)(ii) provided Appellant demonstrated that he was unaware of Attorney Gorman's failure to file a timely petition for allowance of appeal and that he could not have discovered this fact through the exercise of due diligence. ***Id.***; ***see also Bennett***, 930 A.2d at 1274 (stating, the petitioner bears the burden of establishing that the fact was "unknown" and that he, or she, could not have discovered it upon the exercise of "due diligence"). Finally, in order to invoke the newly-discovered fact exception to the PCRA jurisdictional time-bar, Appellant must have presented his claim within sixty days of discovering this new fact. ***Williamson***, 21 A.3d at 242; ***see also*** 42 Pa.C.S.A. § 9545(b)(2) (effective January 16, 1996, to December 24, 2018).

- 19 -

The PCRA court, in finding that Appellant was aware of the status and the procedural posture of his direct appeal but, nonetheless, failed to exercise due diligence to protect his own interests in the matter, stated,

> At the evidentiary hearing, [Appellant] testified that following his sentencing he never heard from Attorney Gorman again. [Appellant] also testified that he tried to get in contact with Attorney Gorman, *via* letter, after his sentencing, to discuss proceeding with his case. However, the letter allegedly written to Attorney Gorman was not offered into evidence, only [Appellant's] testimony regarding the letter. There was no testimony or evidence offered to show that [Appellant] attempted to call Attorney Gorman, or that he contacted the Clerk of Courts [of Washington County] to check the status of his case. [Appellant] did write a letter to the Clerk of Courts on October 26, 2015, within the statutory time limit, which demonstrates that [Appellant] knew he could seek information from the Clerk of Courts. However, not once did [Appellant] make an attempt to discuss perfecting a collateral appeal on his behalf.
>
> Additionally, Attorney Gorman's testimony demonstrates that [Appellant] was aware of the status of his case. Attorney Gorman testified that he did file a direct appeal on [Appellant's] behalf and that it was his normal practice to send his clients the decisions issued by [this Court], which would include the decision of [this Court] affirming [Appellant's] judgment of sentence. Attorney Gorman further testified that he was in contact with [Appellant's] brother[] throughout [Appellant's] proceedings and during the appeal process. Attorney Gorman also indicated that he could not specifically recall if he sent [notice of our] Supreme Court's denial [of the request to file a petition for allowance of appeal *nunc pro tunc*] to [Appellant], but it was his normal practice to do so and he fully expects that he did. Attorney Gorman added that he was corresponding with [Appellant] while [Appellant] was incarcerated following his sentencing. Attorney Gorman went on to testify that he did not recall the return of any of the letters he had sent to [Appellant].

PCRA Court Opinion, 4/14/20, 20-21 (footnotes omitted).

A review of the record demonstrates that although Attorney Gorman could not recall his exact correspondence with Appellant post-sentencing, as a matter of practice, Attorney Gorman discussed post-sentence rights, including appellate rights, with his clients. N.T., 6/11/18, at 42. Attorney Gorman filed a direct appeal with this Court on behalf of Appellant, but admittedly failed to file a timely petition for allowance of appeal after this Court affirmed Appellant's sentence on December 24, 2014. *Id.* at 44, 51. Rather, Attorney Gorman filed a petition for leave to file a petition for allowance of appeal *nunc pro tunc* with our Supreme Court, which our Supreme Court subsequently denied. *Id.* at 44. Attorney Gorman testified that although he does not recall giving Appellant notice of this Court's affirmance of his sentence, of his filing of a petition for leave to file a petition for allowance of appeal *nunc pro tunc*, or of our Supreme Court's denial of said petition, it was his practice to provide his clients, including Appellant, with notice of all court decisions and all significant documents. *Id.* at 44-46, 52-55. Attorney Gorman stated that he corresponded with Appellant during this time period, *via* written correspondence, and that he did not recall receiving the return of his letters as undeliverable. *Id.* at 48-49. Attorney Gorman also spoke with Appellant's brother throughout Appellant's trial and appeal process because Appellant's brother was the primary contact for Appellant's family and because Appellant's brother was "the one trying to do the legwork for [Appellant] on the outside." *Id.* at 48, 57. Attorney Gorman

further testified that it was his practice to discuss any rights his clients may have had under the PCRA. *Id.* at 46.

At the PCRA evidentiary hearing, Appellant offered only bald, self-serving assertions that he was unaware of his direct appeal status, including Attorney Gorman's failure to file a timely petition for allowance of appeal, and that he only learned of the status and procedural posture of his direct appeal from his prior PCRA counsel in March 2016. N.T., 6/11/18, at 24, 27-28. Appellant contradicted his assertion that he lacked knowledge of Attorney Gorman's abandonment when he first stated he was unaware, in October 2015, that Attorney Gorman filed a direct appeal with this Court, but then stated that, in October 2015, he believed that his appeal was still pending. *Id.* at 24. Appellant's assertion that he lacked knowledge of Attorney Gorman's abandonment was further contradicted by Appellant's *pro se* PCRA petition, filed February 23, 2016. In his *pro se* PCRA petition where the standard inmate form asked what prior actions were taken to secure relief from his convictions or sentence, Appellant answered that he was aware that this Court affirmed his judgment of sentence and that our Supreme Court denied his petition for allowance of appeal. *See Pro Se* PCRA Petition, 2/23/16, at 4.

In viewing the evidence in the light most favorable to the Commonwealth, as the prevailing party at the PCRA court level, we concur with the PCRA court that Appellant failed to plead and prove that he was unaware of the status and procedural posture of his direct appeal or that he

lacked knowledge concerning Attorney Gorman's failure to file a timely petition for allowance of appeal. Moreover, Appellant failed to demonstrate why he could not have discovered these facts earlier through the exercise of due diligence. While we understand the limitations that incarceration places on the acquisition of information, our Supreme Court has recognized that one means for an incarcerated petitioner to exercise due diligence sufficient to invoke the newly-discovered fact exception was for the incarcerated petitioner to write the PCRA court in an effort to learn the status of his case. *See Bennett*, 930 A.2d at 1272 (stating, the petitioner alleged that he exercised due diligence sufficient to satisfy the requirement of the newly-discovered fact exception by providing a description of the steps he took to ascertain the status of his appeal, including writing to the PCRA court). In the case *sub judice*, Appellant never averred specific steps he took to obtain information regarding the status of his case. By his own admission, however, Appellant was capable of writing Attorney Gorman, and the record demonstrates Appellant's understanding and capacity to write the PCRA court. Appellant also stated that he was able to correspond with his brother, who did Appellant's "legwork on the outside." Appellant's brother stated that he periodically called or sent text messages *via* his cellular telephone to Attorney Gorman to get updates about his brother's case and to ask specific questions. N.T., 12/21/18, at 23. Despite Appellant's ability to communicate with Attorney Gorman, his brother, and the PCRA court, Appellant failed to demonstrate that he ever made inquiries regarding the status of his case

sufficient to satisfy the requirements of the newly-discovered fact exception. Appellant, therefore, failed to plead and prove the newly-discovered fact exception to the jurisdictional time-bar. As such, we discern no error or abuse of discretion in the PCRA court's dismissal of Appellant's PCRA petition as patently untimely and without exception.

In his third issue,[18] Appellant claims that the PCRA court erred in finding the PCRA jurisdictional time-bar constitutionally sound. Appellant's Brief at 35-59. Appellant argues that the case law declaring the PCRA time-bar to be jurisdictional in nature was erroneously decided and that the time-bar was intended to be akin to a statute of limitations. *Id.* at 38 n.8. Appellant asserts that, "[t]he passage of the PCRA statute and the legislature's subsequent adoption of the one year time-bar[] cannot be said to afford procedural and substantive due process in this case." We disagree.

Our Supreme Court has long-held that,

The purpose of [the PCRA] is not to provide convicted criminals with the means to escape well-deserved sanctions, but to provide a reasonable opportunity for those who have been wrongly convicted to demonstrate the injustice of their conviction.

*Peterkin*, 722 A.2d at 643; *see also Small*, 238 A.3d at 1277. Because the PCRA is civil in nature, and not part of the criminal process, "due process requires that the post[-]conviction process be fundamentally fair" and that the

_____

[18] We address Appellant's third, fourth, and fifth issues because the issues do not require a merits review of Appellant's underlying petition.

petition be "given the opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Bennett*, 930 A.2d at 1273. As the *Bennett* Court explained, the PCRA jurisdictional time-bar is constitutionally applied to a petitioner with a patently untimely PCRA petition (such as in the case *sub judice*) by affording the petitioner the opportunity to plead and prove counsel's abandonment as the newly-discovered fact exception to the one-year time-bar. *See Bennett*, 930 A.2d at 1273-1274. For over two decades, our Supreme Court has steadfastly held to the view that the PCRA time-bar is jurisdictional in nature because the "time limitations go to a court's right or competency to adjudicate a controversy" and the jurisdictional time-bar is constitutionally sound. *Commonwealth v. Reid*, 235 A.3d 1124, 1167 (Pa. 2020). We find no compelling reason set forth by Appellant to find exception to the constitutional validity of the PCRA jurisdictional time-bar as applied to the circumstances herein. *See Bennett*, 930 A.2d at 1273 (recognizing that, while the PCRA jurisdictional time-bar has been declared constitutional, generally, this does not mean that it is constitutional as applied to all petitioners); *see also Reid*, 235 A.3d at 1168 n.27 (stating that, such an "allegation of constitutional infirmity is completely unfounded" when the petitioner "has been put out of court only because he himself failed to preserve his claim or advance it at the opportune moment" (original quotation marks omitted)).

We address Appellant's fourth and fifth issues *in tandem*. In his fourth issue, Appellant argues, in the alternative, that if his PCRA petition is

time-barred, the trial court erred by denying him *habeas corpus* or *coram nobis* relief. Appellant's Brief at 40-43. In his fifth issue, Appellant contends that if his PCRA petition is time-barred and relief is not available under the common law principles of *habeas corpus* or *coram nobis*, then "this Court has jurisdiction to correct an illegal sentence outside of the PCRA context[.]" ***Id.*** at 44.[19]

> Section 9542 of the PCRA, in pertinent part, states,
>
> [The PCRA] provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be **the sole means** of obtaining collateral relief and **encompasses all other** common law and statutory remedies for the same purpose that exist when this subchapter takes effect, **including *habeas corpus* and *coram nobis*.**

42 Pa.C.S.A. § 9542 (emphasis added). It is well-settled under Pennsylvania law that "pursuant to the plain language of Section 9542, where a claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review." ***Commonwealth v. Descardes***, 136 A.3d 493, 501 (Pa. 2016) (citations omitted). "The PCRA at Section 9542 subsumes the remedies of *habeas corpus* and *coram nobis*.'' ***Id.*** (citation omitted); ***see also***

---

[19] To the extent that Appellant relies on our Supreme Court's holding in ***Commonwealth v. Holmes***, 933 A.2d 57 (Pa. 2007) to support his claim that this Court has jurisdiction to correct his illegal sentence, we find this reliance misplaced. ***See Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011) (stating that, our Supreme Court in ***Holmes*** "did not establish an alternative remedy for collateral relief that sidesteps the jurisdictional requirements of the PCRA").

***Commonwealth v. Tedford***, 228 A.3d 891, 904 n.10 (Pa. 2020) (stating, "[i]f a petitioner's claim falls under the parameters of the PCRA, it must be litigated under the PCRA").

Here, pursuant to then-effective Section 9718(a)(1) and (a)(3) of the Pennsylvania Sentencing Code, Appellant received consecutive mandatory minimum sentences of 10 to 20 years' incarceration, each, on his convictions for rape of a child (2 counts), 18 Pa.C.S.A. § 3121(c), and involuntary deviate sexual intercourse with a child less than 13 years of age (3 counts), 18 Pa.C.S.A. § 3123(b), and a concurrent mandatory minimum sentence of 10 to 20 years' incarceration on his conviction of aggravated indecent assault of a child less than 13 years of age (1 count), 18 Pa.C.S.A. § 3125(b).  ***See*** Trial Court Sentencing Order, 1/11/13; ***see also*** Sentencing Hearing Transcript, 1/8/13.  Section 9718(a)(1) and (a)(3), in pertinent part, stated,

> **§ 9718. Sentences for offenses against infant persons**
>
> **(a) Mandatory sentence.**—
>
> > (1) A person convicted of the following offenses when the victim is under 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:
> >
> > . . .
> >
> > 18 Pa.C.S.[A.] § 3123 (relating to involuntary deviate sexual intercourse) – not less than five ten years.
> >
> > . . .
> >
> > (3) A person convicted of the following offenses shall be sentenced to a mandatory term of imprisonment as follows:

> 18 Pa.C.S.[A.] § 3121(c) and (d) – not less than five ten years.
>
> . . .
>
> 18 Pa.C.S.[A.] § 3125(b) – not less than five ten years.

42 Pa.C.S.A. §§ 9718(a)(1) and (a)(3) (effective January 1, 2007, to August 18, 2014).  Under Section 9718(c), the trial court, at the time of sentencing, was required to determine, by a preponderance of the evidence, if [Section 9718] was applicable.  *Id.* at § 9718(c) (effective January 1, 2007, to August 18, 2014).

Appellant claims that the mandatory minimum sentences he received pursuant to 42 Pa.C.S.A. § 9718(a)(1) and (a)(3) are unconstitutional under *Alleyne v. United States*, 570 U.S. 99 (2013),[20] as that decision was applied to Section 9718 by our Supreme Court in *Commonwealth v. Wolfe*, 140 A.3d 651, 663 (Pa. 2016) (stating that, Section 9718 was "irremediably unconstitutional on its face, non-severable, and void").

In *Commonwealth v. Resto*, however, our Supreme Court tailored its holding in *Wolfe*, stating that, Section 9718(a)(3) "requires no proof of any

---

[20] In *Alleyne*, the United States Supreme Court held,

> any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt.  Mandatory minimum sentences increase the penalty for a crime.  It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Alleyne v. United States*, 570 U.S. 99, 103 (2013) (citation omitted).

predicate or aggravating facts" and, therefore, does not implicate the protections afforded by **Alleyne**. **Commonwealth v. Resto**, 179 A.3d 18, 20-21 (Pa. 2018) (OAJC). Recently, this Court, in **Commonwealth v. Widger**, held that, pursuant to **Resto**, Section 9718(a)(3) was constitutional and that a trial court had the authority to impose a mandatory minimum sentence of incarceration under that provision. **Commonwealth v. Widger**, 237 A.3d 1151, 1163 (Pa. Super. 2020) (noting that, because "the plurality's OAJC and the concurring opinions in **Resto** agree, Section 9718(a)(3) is severable from the remainder of the subsections of the statute and a mandatory minimum sentence imposed pursuant to Section 9718(a)(3), upon the jury's finding beyond a reasonable doubt that all of the elements of the crime charged have been established, does not violate Appellant's constitutional rights pursuant to **Alleyne**). Therefore, because the mandatory minimum sentences Appellant received for his convictions of involuntary deviate sexual intercourse with a child less than 13 years of age and aggravated indecent assault of a child less than 13 years of age were imposed pursuant to Section 9718(a)(3), these sentences did not violate Appellant's constitutional rights pursuant to **Alleyne**. Consequently, Appellant's aforementioned sentences were not "illegal sentences." As such, we no longer address them in the context of Appellant's fourth and fifth issues.

With regard to the mandatory minimum sentences Appellant received for his conviction of rape of a child pursuant to Section 9718(a)(1), our Supreme Court has held that challenges to a sentence under **Alleyne**

implicate the legality of a sentence as contemplated by the PCRA. *See DiMatteo*, 117 A.3d at 192; *see also* 42 Pa.C.S.A. § 9543(a)(2)(vii) (stating that, to be eligible for PCRA relief, the petitioner must plead and prove by a preponderance of the evidence, *inter alia*, that the sentence imposed was greater than the lawful maximum, *i.e.* an illegal sentence); *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (holding that, "an issue pertaining to *Alleyne* goes to the legality of the sentence). Because Appellant's illegal sentence claim is cognizable under the PCRA, the PCRA subsumes the remedies of *habeas corpus* and *coram nobis*. Consequently, Appellant is not entitled to relief under these common law *writs*.

Appellant is correct that a challenge to a sentence premised upon *Alleyne* cannot be waived on appeal, and this Court, generally, is "endowed with the ability to consider an issue of illegality of sentence *sua sponte*." *Miller*, 102 A.3d at 995 (citation omitted). "However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review." *Id.*, *citing Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 (Pa. Super. 2011). Although "not technically [subject to waiver], a legality of sentence claim may nevertheless be lost should it be raised in an untimely PCRA petition for which no time-bar exception applies, thus depriving the [PCRA] court of jurisdiction over the claim." *Miller*, 102 A.3d at 995 (citation, original brackets, and ellipsis omitted); *see also DiMatteo*, 117 A.3d at 192 (reiterating that, to be entitled to have an illegal sentence remedied on collateral review, the petitioner must present the claim

in a timely PCRA petition). Consequently, we may not address Appellant's illegal sentence claim because his PCRA was patently untimely and without exception.

In short, the PCRA court lacked jurisdiction to review Appellant's PCRA petition, and we may not review the petition on appeal. Moreover, Appellant's constitutional challenges and his claims outside the ambit of the PCRA lack merit. Hence, for the reasons set forth herein, Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2021